1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    MYKAL S. RYAN,                                  CASE NO. 11-cv-2090 – IEG (BGS)

12                               Plaintiff,            ORDER DENYING WITHOUT
                 vs.                                   PREJUDICE MOTION TO DISMISS
13                                                     [Doc. No. 2].
      DAVID R. RUBY, individually; DOES 1
14    through 20, inclusive,

15                               Defendants.

16

17          This is an action alleging defamation and improper disclosure of private information.

18    Currently before the Court is Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the

19    Federal Rules of Civil Procedure.  Having considered the parties' arguments, and for the reasons

20    set forth below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.  [Doc No. 2.]

21                                        **BACKGROUND**

22          Defendant David R. Ruby is the Chapter 7 bankruptcy trustee for Plaintiff Mykal S. Ryan's

23    bankruptcy proceeding, which has been pending in the Eastern District of Virginia since July 16,

24    2008.  (Defendant's Request for Judicial Notice ("RJN"), Ex. 1 [Doc. No. 5].)

25          Plaintiff commenced the instant action against Defendant on July 14, 2011.  [Doc. No. 1.]

26    In his complaint, Plaintiff alleges Defendant violated and continues to violate California Civil

27    Code § 46 by making numerous defamatory statements.  (Compl. ¶ 1.)  According to Plaintiff,

28    Defendant told others that Plaintiff stole more than a million dollars from Plaintiff's nephew's

trust, that he stole money from his mother, that he stole money and property from his nephew, and that he stole property in his house.  (*Id.*)  Plaintiff further alleges that Defendant violated Plaintiff's privacy rights under the California Constitution and the Federal Privacy Act by informing others of Plaintiff's Post-Traumatic Stress Disorder ("PTSD") disability, without authorization, and by making materially false statements that Plaintiff is mentally disturbed and mentally deficient.  (*Id.* ¶¶ 3, 5-6.)  According to Plaintiff, these actions also violate the Due Process Clause of the Fourteenth Amendment because they interfered with Plaintiff's right to obtain employment.  (*Id.* ¶ 3.)  Plaintiff alleges that as a result of Defendant's actions, Plaintiff lost his employment as an aerospace engineer as well as his Top Secret security clearance.  (*Id.* ¶¶ 3, 16-17.)  Finally, Plaintiff alleges Defendant's actions constitute disability discrimination in violation of the Americans with Disability Act ("ADA").  (*Id.* ¶ 7.)  Plaintiff lists forty four individuals to whom Defendant allegedly made the above defamatory statements and improper disclosures.  (*Id.* ¶ 9.)

Defendant filed the present motion on September 15, 2011.  Plaintiff filed a late opposition on October 13, 2011.[1]  Defendant filed a reply on October 17, 2011.  The Court finds the motion suitable for disposition without oral argument pursuant to the Civil Local Rule 7.1(d)(1).

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

---

[1] In his reply, Defendant contends the Court should grant the motion to dismiss because Plaintiff's opposition runs afoul of the Federal Rules of Civil Procedure and the Civil Local Rules in that: (1) Plaintiff failed to properly effect service; (2) Plaintiff's opposition was untimely; (3) Plaintiff's opposition does not contain a brief and complete summary of the points raised; (4) Plaintiff's opposition does not contain a table of contents or a table of authorities cited; and (5) Plaintiff's opposition exceeds the applicable page limit.  Although the Court undoubtedly has the discretion to grant Defendant's motion to dismiss for such violations, *see, e.g.*, Civ. L.R. 7.1(f)(3)(c), the Court declines to do so in this case.  Plaintiff is proceeding *pro se*, the opposition was only several days late, and Defendant was notified of its filing via the CM/ECF.

1   defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a

2   defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement

3   to relief."'" *Id.* (internal citation omitted).  "Dismissal can be based on the lack of a cognizable

4   legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri*

5   *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

6        In ruling on a motion to dismiss, the court must "accept all factual allegations in the

7   complaint as true and construe the pleadings in the light most favorable to the nonmoving party."

8   *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  The court, however, need not accept "legal

9   conclusions" as true.  *Iqbal*, 129 S. Ct. at 1949.  Thus, "a formulaic recitation of the elements of a

10  cause of action will not do." *Twombly*, 550 U.S. at 555.  It is also improper for the court to assume

11  that plaintiff "can prove facts that it has not alleged." *Associated Gen. Contractors of Cal., Inc. v.*

12  *Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  On the other hand, "[w]hen there are

13  well-pleaded factual allegations, a court should assume their veracity and then determine whether

14  they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

15                                      **DISCUSSION**

16       In this case, Defendant contends the Court should dismiss all of Plaintiff's claims because

17  the allegedly defamatory statements and disclosures were made in Defendant's official capacity.

18  **I.    The *Barton* doctrine**

19       First, Defendant argues Plaintiff's complaint should be dismissed because it violates the

20  *Barton* doctrine.[2]  Under the *Barton* doctrine, "a party must first obtain leave of the bankruptcy

21  court before it initiates an action in another forum against a bankruptcy trustee or other officer

22  appointed by the bankruptcy court for acts done in the officer's official capacity." *In re Crown*

23  *Vantage, Inc.*, 421 F.3d 963, 970 (9th Cir. 2005) (citing cases).  Part of the rationale underlying the

24  *Barton* doctrine is that the court appointing the receiver has *in rem* subject matter jurisdiction over

25  the receivership property. *Id.* at 970.  Accordingly, allowing the unauthorized suit to proceed

26

27       [2] "The *Barton* doctrine takes its name from *Barton v. Barbour*, 104 U.S. 126 (1881), in which
28  the Supreme Court ruled that the common law barred suits against receivers in courts other than the
    court charged with the administration of the estate. *Id.* at 127. The Supreme Court held in *Barton*
    that, before suit is brought against such a receiver, leave of the court by which the trustee was
    appointed must be obtained." *In re Crown Vantage, Inc.*, 421 F.3d 963, 969 n.4 (9th Cir. 2005).

1   "would [be] an usurpation of the powers and duties which belong[] exclusively to another court."

2   *Barton*, 104 U.S. at 136.  The *Barton* doctrine applies in bankruptcy to the same extent as in other

3   proceedings involving receivers.  *See In re Crown Vantage*, 421 F.3d at 971.

4          Defendant, however, failed to show that the actions challenged in this case were done in

5   Defendant's "official capacity."  *See id.* at 970.  Under Rule 12(b)(6), "[t]he defendant bears the

6   burden of showing no claim has been stated."  *Gould Elecs. Inc. v. United States*, 220 F.3d 169,

7   178 (3d Cir. 2000).  In this case, Defendant merely alleges in a conclusory manner that "[a]s set

8   forth in defendant's disclosure to the [United States Bankruptcy Court ("USBC")] for the Eastern

9   District of Virginia, defendant's only actions concerning plaintiff herein have been taken in

10  defendant's official capacity as Chapter 7 trustee."  (Mem. of P.&A. ISO Def. Motion to Dismiss,

11  at 1 [Doc. No. 2-1].)  In doing so, Defendant cites to his disclosure to the USBC for the Eastern

12  District of Virginia, which states: "The Trustee represents that he has taken no action whatsoever

13  relating to the Debtor and/or this bankruptcy case other than in an official capacity as Chapter 7

14  trustee and that he has not acted outside the scope of his authority in any respect."  (RJN, Ex. 2,¶

15  6.)  Notably, Defendant fails to cite to any document that would corroborate this assertion.

16  Because Defendant failed to do more than assert in a conclusory manner that the actions were

17  taken in his "official capacity," he failed to meet his burden of showing that the complaint should

18  be dismissed for violation of the *Barton* doctrine.  *See Gould Elecs.*, 220 F.3d at 178.

19         To the extent Defendant contends that Plaintiff failed to allege in his complaint that the

20  actions were *not* taken in an "official capacity," the Court rejects that argument.  This is not one of

21  the elements of Plaintiff's cause of action that Plaintiff had to allege in his complaint.  Rather, as

22  the moving party, Defendant had the burden of showing that no claim has been stated due to the

23  applicability of some defense.  *See id.*  In any event, at least based on the documents presently

24  before the Court, Plaintiff's complaint appears to rebut Defendant's allegations by stating that the

25  allegedly defamatory statements and improper disclosures were made in California and not

26  Virginia, where the bankruptcy case is pending, and that they were made without Plaintiff's

27  authorization.  (*See* Compl. ¶¶ 3, 6, 9, 22.)  Moreover, in his opposition to Defendant's motion to

28  dismiss, Plaintiff asserts that Defendant's defamatory statements were "fully outside the

authorized duties and responsibilities of the Chapter 7 trustee position" and were not made in

1   Defendant's official capacity.  (Pl. Opp, at 10 [Doc. No. 9]; *see also id.* at 33.)

2   **II.      Quasi-judicial immunity**

3          Second, Defendant contends that as a court-appointed Chapter 7 trustee, he is entitled to

4   quasi-judicial immunity.  "Bankruptcy trustees are entitled to broad immunity from suit when

5   acting within the scope of their authority and pursuant to court order."  *Bennett v. Williams*, 892

6   F.2d 822, 823 (9th Cir. 1989).  Before immunity attaches, however, certain conditions must be

7   satisfied: (1) the trustee must obtain court approval and give notice to the debtor of the proposed

8   action; (2) the trustee's disclosure must be candid; and (3) the act must be within the trustee's

9   official duties.  *See id.* (citations omitted).  Notably, misrepresentations or any other malfeasance

10  by the trustee are not protected, and the trustee may be personally liable.  *See, e.g.*, *New Alaska*

11  *Dev't Corp. v. Guetschow*, 869 F.2d 1298, 1304-05 (9th Cir. 1989) (a receiver was not entitled to

12  broad immunity for alleged slander because such action "was not a function intimately connected

13  with his receivership duties"); *In re Cochise College Park, Inc.*, 703 F.2d 1339, 1359-60 (9th Cir.

14  1983) (trustee's fraudulent and negligent misrepresentations may be actionable if they were

15  "uttered either in bad faith or without reasonable grounds for belief in [their] truth").

16         In this case, Plaintiff alleges Defendant defamed him and improperly disclosed private

17  information about him.  In the absence of any other evidence, it cannot be presumed that such

18  actions were authorized by the bankruptcy court.[3]  *See New Alaska*, 869 F.2d at 1304-05 & n.9.

19  Moreover, taking Plaintiff's allegations as true, the above statements were "uttered either in bad

20  faith or without reasonable grounds for belief in [their] truth," *In re Cochise College Park*, 703

21  F.2d at 1359.  (*See, e.g.*, Compl. ¶ 8 ("Mr. Ruby's violation of my privacy and disability

22  discrimination and defamation were done to prevent me from obtaining employment and were

23  done in a manner that was intentional, willful and malicious manner [sic] so as to place me in a

24  false light and to harm my reputation and to harm me physically.").)  Because Defendant failed to

25  provide anything except the conclusory assertion that the challenged statements were made in his

26  _____

27  [3] Defendant asserts that the bankruptcy court already determined that "there was nothing in plaintiff's allegations that would warrant defendant's removal or resignation as the Chapter 7 bankruptcy trustee."  (Mem. of P.&A. ISO Def. Motion to Dismiss, at 4; *see also* RJN, Ex. 1. Doc.

28  No. 750.)  The fact that the bankruptcy court determined that the trustee need not be removed or resign, however, does not resolve the issues before this Court–whether the statements were actually uttered and whether they were made in Defendant's official capacity.

official capacity, he failed to demonstrated that he is entitled to quasi-judicial immunity.

**III.     California Civil Code § 47**

Defendant next contends that Plaintiff's claim under California Civil Code § 46 fails because Defendant's statements were privileged.  Section 46 provides a cause of action for slander, which it defines as "a false and unprivileged publication, orally uttered," that, *inter alia*, "[c]harges any person with crime," "[t]ends directly to injure him in respect to his office, profession, trade or business," or " by natural consequence, causes actual damage."  Cal. Civ. Code § 46.  Section 47, however, makes privileged any publication or broadcast made "[i]n the proper discharge of an official duty" or, subject to certain exceptions, "[i]n any (1) legislative proceeding, (2) judicial proceeding, [or] (3) in any other official proceeding authorized by law." *Id.* § 47(a)-(b).

As already noted, Defendant failed to demonstrate that the statements challenged in this case were made in his official capacity or were otherwise authorized.  Accordingly, Defendant failed to demonstrate that his statements were privileged under Section 47(a).

**IV.     Anti-SLAPP motion**

Finally, in passing, Defendant contends that Plaintiff's complaint should be stricken under § 425.16(b) of the California Code of Civil Procedure because Plaintiff's action arises from Defendant's protected conduct as the Chapter 7 bankruptcy trustee.  An anti-SLAPP motion to strike[4] requires a two-step inquiry.  First, the defendant must make an initial prima facie showing that the plaintiff's suit arises from the defendant's protected activity—i.e, an act in furtherance of the defendant's rights of petition or free speech.  *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1110 (9th Cir. 2003).  In this case, Defendant's anti-SLAPP motion fails at the first step.  "[T]he critical point is whether the plaintiff's cause of action itself was *based on* an act in furtherance of the

---

[4] A Strategic Lawsuit Against Public Participation ("SLAPP") is a civil action "in which the plaintiff's alleged injury results from petitioning or free speech activities by a defendant that are protected by the federal or state constitutions." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1109 (9th Cir. 2003).  "California's anti-SLAPP statute was 'enacted to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation.'"  *Id.* (citations omitted).  Specifically, the statute allows a defendant to move to strike a plaintiff's cause of action if that cause of action "aris[es] from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue."  *See* Cal. Civ. Proc. Code § 425.16(b)(1).

1    defendant's right of petition or free speech." *City of Cotati v. Cashman*, 29 Cal. 4th 69, 78 (2002).

2    As already noted, Defendant failed to demonstrate that the challenged statements in this case were

3    made in his official capacity. Because Defendant cannot show that Plaintiff's action is based on

4    Defendant's protected conduct as the Chapter 7 bankruptcy trustee, the anti-SLAPP motion fails.

5                                    **CONCLUSION**

6           Defendant failed to carry his burden of demonstrating that the challenged statements in this

7    case were made in his official capacity. As such, the Court **DENIES WITHOUT PREJUDICE**

8    Defendant's motion to dismiss on all grounds.

9           **IT IS SO ORDERED.**

10          **Date: October 27, 2011**

11                                    **IRMA E. GONZALEZ, Chief Judge**
                                      **United States District Court**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28