# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYKAL S. RYAN,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>DAVID R. RUBY, individually; DOES 1 through 20, inclusive,<br><br>　　　　　　　　　　Defendants. | CASE NO. 11-cv-2090 – IEG (BGS)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Doc. 14] |

This is an action alleging defamation and improper disclosure of private information. The Court previously denied without prejudice Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Presently before the Court is Defendant's renewed motion, arguing the Court lacks subject matter jurisdiction as a result of the Barton Doctrine. Having considered the parties' arguments, and for the reasons set forth below, the Court **GRANTS** the motion and dismisses Plaintiff's action with prejudice pursuant to Fed. R. Civ. P. 12(b)(1)[1].

---

[1] In his motion, Defendant again argues the case should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The failure to comply with the Barton doctrine, however, deprives the Court of subject matter jurisdiction. In re Harris, 590 F.3d 730, 741-42 (9th Cir. 2009). Where a motion to dismiss attacks the substance of the complaint's jurisdictional allegations, the court properly treats such motion as one arising under Fed. R. Civ. P. 12(b)(1) even if the defendant brings the motion under Fed. R. Civ. P. 12(b)(6). Corrie v. Caterpillar, Inc., 503 F.3d 974, 980 (9th Cir. 2007).

## BACKGROUND

Defendant David R. Ruby is the Chapter 7 bankruptcy trustee for Plaintiff Mykal S. Ryan's bankruptcy proceeding, which has been pending in the Eastern District of Virginia since July 16, 2008. (Defendant's Request for Judicial Notice ("RJN"), Ex. 1 [Doc. No. 5].) Plaintiff commenced the instant action against Defendant on July 14, 2011. [Doc. No. 1.] In his complaint, Plaintiff alleges Defendant violated and continues to violate California Civil Code § 46 by making numerous defamatory statements. (Compl. ¶ 1.)

Defendant previously moved to dismiss the complaint, and the Court denied such motion without prejudice. The Court acknowledged that as a general matter, under Barton v. Barbour, 104 U.S. 126 (1881), Plaintiff is required to seek leave from the U.S. Bankruptcy Court for the Eastern District of Virginia in order to pursue claims against Defendant for actions he took in his official capacity as the Trustee of Plaintiff's bankruptcy estate. However, the Court found Defendant failed to carry his burden of demonstrating he made the challenged statements while acting in his official capacity. [Doc. No. 12.]

Defendant then filed the present renewed motion to dismiss. Plaintiff filed an opposition and Defendant filed a reply. The Court previously found the motion suitable for disposition without oral argument pursuant to the Civil Local Rule 7.1(d)(1). [Doc. No. 18.]

## LEGAL STANDARD

Because federal courts are courts of limited jurisdiction, the party asserting jurisdiction bears the burden of establishing a cause of action may be brought in this forum. Association of Am. Med. Colleges v. United States, 217 F.3d 770, 778 (9th Cir. 2000). In ruling on a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court need not presume the truthfulness of the factual allegations of the complaint and may consider affidavits and other evidence beyond the pleadings. Id.; see also Corrie, 503 F.3d at 980; U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1200 (9th Cir. 2009). However, the Court must resolve all disputes of fact in favor of the non-moving party. McConnell v. United States, 478 F.3d 1092, 1094 (9th Cir. 2007).

## DISCUSSION

In the present motion, Defendant again contends the Court should dismiss all of Plaintiff's claims because any allegedly defamatory statements or disclosures were made by Defendant in his official capacity as Trustee of Plaintiff's bankruptcy estate. Plaintiff has not obtained permission from the U.S. Bankruptcy Court for the Eastern District of Virginia, where his bankruptcy case remains pending, to bring this action. As explained in the Court's prior order, under the Barton doctrine, "a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity." In re Crown Vantage, Inc., 421 F.3d 963, 970 (9th Cir. 2005) (citing cases). Part of the rationale underlying the Barton doctrine is that the court appointing the receiver has *in rem* subject matter jurisdiction over the receivership property. Id. at 970. Accordingly, allowing the unauthorized suit to proceed "would [be] an usurpation of the powers and duties which belong[] exclusively to another court." Barton, 104 U.S. at 136. "Without leave of the court that appointed the trustee (the 'appointing court'), 'the other forum lack[s] subject matter jurisdiction over the suit'." Harris, 590 F.3d at 741.

In support of the present motion, Defendant has filed a detailed declaration, attesting he had no contact with 31 of the individuals identified in paragraph 9 of Plaintiff complaint. [Declaration of David R. Ruby, ¶ 5.] Defendant further attests, and supports such statements with documentary evidence, that his contact with the remaining 13 individuals listed in Plaintiff's complaint occurred within the scope of his official capacity as Trustee of Plaintiff's bankruptcy estate, as follows:

- Defendant's communications with Lee Quick, Virginia counsel for the Ryan Family Trust, were in the context of Mr. Quick providing defendant with information about efforts to collect on the judgments against Plaintiff as well as Defendant's efforts to locate and take possession of assets of the bankruptcy estate. [Ruby Decl., ¶¶ 22-24, and Exhibits F-J.]
- Defendant's contact with the York-Poquoson Sheriff's Office related to his attempt to verify whether Plaintiff reported $434,926 in cash had been stolen from his residence, as Plaintiff asserted in a sworn declaration to the bankruptcy court. [Ruby Decl., ¶¶ 41-45, Exhibits S and T.]

- Defendant does not believe he had any direct contact with Virginia attorney Mary Morgan. Ms. Morgan attended a hearing in Plaintiff's bankruptcy proceedings and may have been a co-recipient of certain emails related to that proceeding. [Ruby Decl., ¶¶ 25-26.]
- Defendant has communicated regularly with attorney Peter Zemanian, the bankruptcy attorney representing the Ryan Family Trust, throughout Plaintiff's bankruptcy proceeding, and those communications have been made in Defendant's capacity as Trustee for the bankruptcy estate. [Ruby Decl., ¶ 27.]
- Defendant has communicated regularly with his supervisor, Kenneth Whitehurst, in his capacity as Trustee for the bankruptcy estate. [Ruby Decl., ¶ 11, 15, and 16.]
- Defendant has appeared in open court and filed pleadings before Hon. Frank J. Santoro, who presides over Plaintiff's bankruptcy proceedings. [Ruby Decl., ¶ 46.]
- Defendant has had contact with Plaintiff's sister, Patricia Coleman, and his brother, Timothy Ryan, relating to attempts to recover and liquidate a one-third interest in real property located in the U.S. Virgin Islands in which the bankruptcy estate claims an interest. [Ruby Decl., ¶¶ 29-31, Exhibits K and L.]
- Defendant has had contact with Plaintiff's mother, Helen Ryan, through the service of pleadings and letters associated with his pursuit of an action for fraudulent transfer. Defendant has never spoken with Mrs. Ryan. [Ruby Decl., ¶ 32-34, Exhibits M - O.]

This evidence satisfies Defendant's burden of demonstrating his actions were taken within the scope of his official capacity as Trustee of the bankruptcy estate.

In opposition, Plaintiff offers legal arguments regarding whether the bankruptcy court in Virginia has jurisdiction to hear his allegations of defamation. He does not, however, offer any evidence or argument rebutting Defendant's showing that any communications he may have had with the individuals listed in Plaintiff's complaint took place in his official capacity as Trustee of the bankruptcy estate. The Court is mindful of Plaintiff's disability and the challenges he faces in presenting his claims. However, the claims Plaintiff raises in his complaint relate to contacts and communications arising out of Defendant's official duties as the Trustee of Plaintiff's bankruptcy estate. This Court lacks jurisdiction over such claims until such time as Plaintiff has obtained

1 | permission from the U.S. Bankruptcy Court for the Eastern District of Virginia to proceed in this
2 | Court.

### *Conclusion*

For the reasons set forth herein, the Court GRANTS Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction.  The Clerk is directed to close this case.

**IT IS SO ORDERED**.

**DATED:  February 15, 2012**

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**